UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nikole J.,                                                                       Civ. No. 25-19 (PAM/ECW)

        Plaintiff,

v.                                                                                      **MEMORANDUM AND ORDER**

Frank Bisignano,
   Commissioner of Social Security,

        Defendant.

---

This matter is before the Court on the parties' cross-Motions for Judgment on the administrative record. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Nikole J.[1] filed a Title XVI application for disability insurance benefits and supplemental security income on September 16, 2021. (Admin. R. (Docket No. 7) at 17.) Plaintiff amended her alleged onset date to reflect that she became disabled on September 16, 2021, as a result of arthritis in both ankles, bilateral carpel tunnel syndrome, anemia, asthma, anxiety, depression, prost-traumatic stress disorder, panic disorder, fibromyalgia, neuropathy, unspecified foot issues, and pain. (Id. at 96.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see id. § 423(d)(1)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. §§ 423(d)(2)(A), 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Pt. 404, Subpart P, App'x 1. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the

2

claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work.  Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. R. at 108, 134.)  In October 2023, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application.  (Id. at 36–68.)  Plaintiff testified and was represented by an attorney at this hearing.  (Id. at 38.)  Thereafter, the ALJ issued her written decision.  (Id. at 17–30.)

The ALJ determined that Plaintiff had several severe impairments:  osteoarthritis in both knees, bilateral lower extremity neuropathy, carpal tunnel syndrome, generalized anxiety disorder, major depressive disorder, post-traumatic stress disorder, and alcohol use disorder.  (Id. at 20.) The ALJ found that the severity of claimant's impairments, including her substance use, did not meet the criteria for severe impairments.  (Id. at 20–23.)  Further, the ALJ determined that if Plaintiff has the RFC to perform light work with various limitations.  (Id. at 23–28.)

After considering testimony from a vocational expert, the ALJ determined that there were jobs Plaintiff could perform in sufficient numbers in the national economy, and therefore found that Plaintiff was not disabled. (Id. at 29–30.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## DISCUSSION

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

The Social Security Administration denies applications for disability benefits if substance use is a "material" contributing factor to a claimant's disability. See 42 U.S.C. § 423(d)(2)(C). If a claimant would remain disabled if he or she ceased using drugs and alcohol, the substance use is a "material" factor. See 20 C.F.R. §§ 416.935(b), 404.1535(b). In other words, the inquiry hinges on whether a claimant's impairments

4

would be disabling in the absence of the claimant's substance abuse. Rehder v. Apfel, 205 F.3d 1056, 1060 (8th Cir. 2000).

Plaintiff first claims that the ALJ failed to engage in the substance abuse analysis under 20 C.F.R. § 416.935. (Docket No. 9 at 12.) However, "[t]he plain text of the relevant regulation requires the ALJ first to determine whether [a plaintiff] is disabled." Brueggemann v. Barnhart, 348 F.3d 689, 694 (8th Cir. 2003) (citing 20 C.F.R. § 404.1535(a)). Here, because the ALJ did not determine that Plaintiff was disabled, the substance abuse analysis did not apply. See Thor S. v. Berryhill, Civ. No. 18-538, 2018 WL 7141873, at *2 (D. Minn. Dec. 13, 2018) (Menendez, J.), report and recommendation adopted, 2019 WL 368459 (D. Minn. Jan. 30, 2019) (Brasel, J.) ("The ALJ did not conclude that Thor S. was disabled at any point in the sequential process, so the DAA regulation analysis was not triggered."). Plaintiff further contends that the ALJ erred by not contemplating the severity of her impairments in the absence of alcohol abuse, citing Social Security Ruling 13-2p. But Plaintiff misinterprets the policy, which states that if the ALJ determines that a plaintiff is not disabled when considering all of her impairments, including alcohol abuse, then the ALJ does not determine whether alcohol abuse is material. Soc. Sec. Ruling, SSR 13-2p, 2013 WL 621536 (S.S.A. Feb. 20, 2013).

In any event, Plaintiff does not contend that applying the substance abuse regulations on remand would result in a favorable decision for her. Instead, she argues that her alcohol abuse is debilitating, but such a finding would render her ineligible for benefits. See Brueggemann, 348 F.3d at 693 ("[I]f alcohol . . . abuse comprises a contributing factor material to the determination of disability, the claimant's application must be denied.").

5

Plaintiff has not demonstrated that the ALJ erred by not engaging in the substance abuse analysis.

Plaintiff next claims that the ALJ erred by failing to incorporate limitations from step three into her RFC evaluation. Plaintiff contends that she had "marked" ratings in two categories: concentration, persistence, or pace; and adapting or managing herself. However, she does not claim to have met a mental health listing at step three. Indeed, had the ALJ assigned two marked ratings at step three, the ALJ would have found Plaintiff presumptively disabled, and thus would not have proceeded to consider Plaintiff's RFC. See 20 C.F.R. § 416.920(a)(4). The Court will not reweigh evidence regarding Plaintiff's ratings, and the ALJ did not err in her RFC analysis. The ALJ's conclusions are supported by substantial evidence.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 9) is **DENIED**;

2. Defendant's Motion for Judgment (Docket No. 11) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 1, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge